UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEXANDER WILSON, RONALD BISHOP, and GABLE SCHNEIDER, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

\- against –

INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES LOCAL 52,

Defendant.

---

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' CLASS-WIDE REQUESTS FOR PRODUCTION**

25-cv-2907 (OEM)(LKE)

**<u>OBJECTIONS AND RESPONSES OF DEFENDANT THE INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES AND CANADA, LOCAL 52, MOTION PICTURE STUDIO MECHANICS</u>**

**<u>LOCAL 52'S SPECIFIC OBJECTIONS AND RESPONSES TO CLASS RFPS</u>**

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**

Produce the "List of Non-Members eligible for Local 52 Membership under Article 7, Section 21 of the IATSE Constitution (including demographic data)" compiled and submitted to the New York Attorney General's Office by Local 52 in or around March 2022.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>:**

In addition to its general objections, Local 52 objects to this Request as calling for materials protected by the attorney-client privilege, work product privilege, or any other applicable privilege. Local 52 further asserts that this Request calls for information that is also

accessible to Plaintiffs who may call upon the New York Attorney General for production of records in its custody and control.

In light of the foregoing general and specific objections, Local 52 will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:**

Produce all versions of the List or lists submitted, prepared or drafted for submission, or discussed for submission to the New York Attorney General's Office concerning non-members eligible for Local 52 membership through Vested Status, together with the data field, spreadsheets, source tables, formulas, hidden columns, filters, load files, and correspondence transmitting or discussing those lists.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4</u>:**

In addition to its general objections, Local 52 objects to this Request as calling for materials protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

In light of the foregoing general and specific objections, Local 52 will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 5</u>:**

Produce all Documents and Communications concerning the planning, preparation, data analysis, drafting and submission of the List to the New York State Attorney General's Office.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5</u>:**

In addition to its general objections, Local 52 objects to this Request as calling for materials protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

In light of the foregoing general and specific objections, Local 52 will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

Produce the February 10, 2021, March 10, 2021, March 12, 2021, April 13, 2021, April 15, 2021, April 27, 2021, September 20, 2022 [sic], September 22, 2021, September 24, 2021, September 27, 2021, November 5, 2021, February 9, 2022, February 18, 2022, March 15, 2022, March 18, 2022, March 22, 2022, March 23, 2022, April 8, 2022, August 31, 2022, September 1, 2022, September 6, 2022, September 7, 2022, September 15, 2022 email correspondence including any attachments, between Local 52 and the New York Attorney General's office regarding "Issues relating to vested status of individuals under Article 7, Section 21 of the IATSE Constitution and Bylaws".

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 7</u>:**

In addition to its general objections, Local 52 objects to this Request as calling for materials protected by the attorney-client privilege, work product privilege, or any other applicable privilege. Local 52 further asserts that this Request calls for information that is also accessible to Plaintiffs who may call upon the New York Attorney General for production of records in its custody and control.

In light of the foregoing general and specific objections, Local 52 will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:**

Produce all Documents and Communications during the Class Period between Local 52 and the New York Attorney General's Office concerning the status of Vested Status membership eligibility for applicants and permits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its general objections, Local 52 objects to this Request as calling for materials protected by the attorney-client privilege, work product privilege, or any other applicable privilege. Local 52 further asserts that this Request calls for information that is also accessible to Plaintiffs who may call upon the New York Attorney General for production of records in its custody and control.

In light of the foregoing general and specific objections, Local 52 will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all Local 52 General Fund bank statements and financial statements covering the Class Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its general objections, Local 52 objects to this Request as overly broad and unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Local 52's bank statements are not relevant to any determination made under FRCP 23 concerning a prospective class, nor are they relevant to the disposition of any claim or defense to be asserted in this action.

In light of the foregoing general and specific objections, Local 52 will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all bank statements, financial statements or financial reports reflecting the segregated accounts, if any, of non-union member 2.5% wage withholdings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its general objections, Local 52 objects to this Request as vague and ambiguous in that the phrase "reflecting the segregated accounts, if any, of non-union member 2.5% wage withholdings" is subject to varying interpretations. Local 52 further objects to this Request as overbroad and unduly burdensome in that it asks Local 52 to parse through its own bank statements and make individualized determinations concerning member and non-member contributions.

In light of the foregoing general and specific objections, Local 52 will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all Documents and Communications concerning the investigation, Assurance of Discontinuance, addendum, monitoring, reporting, or compliance obligations arising from the New York Attorney General's investigation of Local 52's admissions practices, including any materials discussing Vested Status admissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its general objections, Local 52 objects to this Request as calling for materials protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

In light of the foregoing general and specific objections, Local 52 will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 17:**

Produce a list of any persons admitted to Local 52 without examination, certification, or the ordinary admissions process, including walk-ins, waive-ins, flips, emergency admissions, or

any equivalent category, including data fields reflecting the name, date of admission, department and the basis for each such admission.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17</u>:**

In addition to its general objections, Local 52 objects to this Request as overly broad and unduly burdensome in that it asks Local 52 to create a list, which it does not maintain, regarding a broad category of persons whose identity is not relevant to any claims or defenses to be asserted in this action. Local 52 further objects to this Request as improperly seeking pre-certification discovery of putative class members' identities. Plaintiffs have failed to articulate a sufficient basis upon which this discovery is necessary at this time.

In light of the foregoing general and specific objections, Local 52 will not produce the list sought by this Request.

**<u>REQUEST FOR PRODUCTION NO. 20:</u>**

Produce all Documents and Communications concerning hours worked, production hours, qualified years, deductions, contributions, and vesting calculations for all applicants and permits who were candidates for membership during the Class Period, including data sufficient to identify class members and determine when each became vested.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20:</u>**

In addition to its general objections, Local 52 objects to this Request as overly broad and unduly burdensome in that it calls for the production of "all Documents and Communications" concerning a high number of applicants and permits, without articulating a specific basis for why such information is relevant to either class certification or the claims or defenses to be asserted in this action. Local 52 further objects to this Request as improperly seeking pre-certification discovery of putative class members' identities. Plaintiffs have failed to articulate a sufficient

basis upon which this discovery is necessary at this time.

Subject to its general and specific objections, Local 52 is conducting a reasonable, good faith search and will produce non-privileged records responsive to this Request within its possession, custody, or control to the extent that such documents reasonably relate to the claims or defenses to be asserted in this action. However, Local 52 states that it will not produce documents "sufficient to identify class members and determine when each became vested" because the prevailing view in this District is that courts will "refuse[] to allow discovery of class members' identities at the pre-certification stage". *Dziennik v. Sealift, Inc.*, 2006 WL 1455464 (DLI)(MDG), at *1 (E.D.N.Y. May 23, 2006).

Albany, New York
Dated: August 24, 2026

/s Norma G. Meacham

Norma G. Meacham
Peter R. Bryce
Mackenzie A. Clark
WHITEMAN OSTERMAN & HANNA LLP
One Commerce Plaza, 19th Floor
Albany, NY
Telephone: (518) 487-7600

*Attorneys for Defendant the International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada, Local 52, Motion Picture Studio Mechanics*