UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEXANDER WILSON, RONALD BISHOP, and GABLE SCHNEIDER, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

- against –

INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES LOCAL 52,

Defendant.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION**

25-cv-2907 (OEM)(LKE)

## OBJECTIONS AND RESPONSES OF DEFENDANT INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES LOCAL 52

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada, Local 52, Motion Picture Studio Mechanics ("Defendant" or "Local 52"),[1] through undersigned counsel Whiteman Osterman & Hanna, LLP, hereby submits these objections and responses to Plaintiffs' Requests for Admission, dated June 22, 2026 (the "RFAs"), in connection with the above-captioned case. Local 52 reserves the right to amend, supplement, and correct these objections or responses as necessary.

**RFA NO. 5:**

Admit that, even after June 30, 2018, Local 52 required Ronald Bishop to participate in Electric Craft Department examinations in order to gain Local 52 membership.

**RESPONSE TO RFA NO. 5:**

In addition to its general objections, Local 52 specifically objects RFA No. 5 as vague and ambiguous in that "required" is undefined. Subject to and without waiving the foregoing

objections, Local 52 admits that Mr. Bishop took Local 52 Electric Craft Department Exams after June 30, 2018 as consistent with the Assurance of Discontinuance as approved by the New York State Office of the Attorney General ("OAG"), dated June 20, 2014 and as extended on September 6, 2016 and as amended on February 4, 2026 (collectively the "AOD"). Local 52 neither admits nor denies whether Mr. Bishop sought to become a member of Local 52.

**RFA NO. 6:**

Admit that Ronald Bishop was qualified to work as a technician in the Electric Craft Department on Local 52 represented productions.

**RESPONSE TO RFA NO. 6:**

In addition to its general objections, Local 52 specifically objects to RFA No. 6 as vague and ambiguous in that the term "qualified" is vague, ambiguous, undefined and subject to varying interpretations. Local 52 further objects to RFA No. 6 as unbounded by time, and the admission asks that Local 52 evaluate Mr. Bishop's skills across multiple years.

Subject to and without waiving the foregoing objections, Local 52 states that, to the extent "qualified" means that Mr. Bishop passed certain Electrical Craft Department Examinations, Local 52 denies that Mr. Bishop was qualified to work as a technician in the Local 52 Electric Craft Department on Local 52 represented productions. Mr. Bishop never successfully passed all components of a Local 52 Electric Craft Department Exam. Local 52 further states that to the extent "qualified" means that Mr. Bishop is capable of handling general duties and obligations of electricians on Local 52 represented productions, Local 52 admits that he was able to perform these responsibilities, but did not qualify for membership in the Local 52 Electric Craft Department during the relevant time period under the AOD because he either did not successfully pass all OAG required components of the Local 52 Electric Craft Department Exam or he make himself available for examination.

**<u>RFA NO. 7</u>:**

Admit that Alexander Wilson vested into the MPI Pension Plan as of September 20, 2022. See a true and correct copy of Mr. Wilson's vested status letter attached hereto as Exhibit B.

**<u>RESPONSE TO RFA NO. 7</u>:**

In addition to its general objections, Local 52 specifically objects to RFA No. 7 as calling for a legal conclusion regarding the meaning and effect of "vesting" under the MPI Pension Plan. Mr. Wilson has the document in his possession, and it was provided to him by the MPI Pension Plan. Local 52 further objects to RFA No. 7 because Local 52 does not have independent access to the records of the MPI Pension Plan. Any information regarding individuals' eligibility for vested status is obtained, if at all, through documentation provided by the individuals themselves (such as MPI Pension Plan paperwork or paystubs) or through limited data provided by the MPI Pension Plan in response to specific requests. Any records concerning an individual's vested status are in the possession of MPI Pension Plan or the individual, not Local 52.

Subject to its general and specific objections, Local 52 refers Plaintiffs to above-referenced Exhibit B which appears to be an MPI Pension Plan record. Local 52 denies that Exhibit B states that Mr. Wilson vested under the MPI Pension Plan on September 20, 2022.

**<u>RFA NO. 8</u>:**

Admit that Alexander Wilson was qualified to work as a technician in the Electric Craft Department on Local 52 represented productions.

**<u>RESPONSE TO RFA NO. 8</u>:**

In addition to its general objections, Local 52 specifically objects to RFA No. 8 as vague and ambiguous in that the term "qualified" is vague, ambiguous, undefined and subject to varying interpretations. Local 52 further objects to RFA No. 8 as unbounded by time, and the admission asks that Local 52 evaluate Mr. Wilson's skills across multiple years.

Subject to and without waiving the foregoing objections, Local 52 states that, to the extent "qualified" means that Mr. Wilson passed certain Electrical Craft Department Examinations, Local 52 denies that Mr. Wilson was qualified to work as a technician in the Local 52 Electric Craft Department on Local 52 represented productions. Mr. Wilson never successfully passed all components of a Local 52 Electric Craft Department Exam. Local 52 further states that to the extent "qualified" means that Mr. Wilson is capable of handling general duties and obligations of electricians on Local 52 represented productions, Local 52 admits that he was able to perform these responsibilities but did not qualify for membership in the Local 52 Electric Craft Department during the relevant time period under the AOD because he either did not successfully pass all required components of the Local 52 Electric Craft Department Exam as required by the OAG or did not make himself available for examination.

**RFA NO. 9**

Admit that Gable Schneider vested into the MPI Pension Plan as of 2022. See a true and correct copy of Mr. Schneider's vested status letter attached hereto as Exhibit C.

**RESPONSE TO RFA NO. 8:**

In addition to its general objections, Local 52 specifically objects to RFA No. 9 as calling for a legal conclusion regarding the meaning and effect of "vesting" under the MPI Pension Plan. Mr. Schneider has the document in his possession, and it was provided to him by the MPI Pension Plan. Local 52 further objects to this Request because the phrase "vested . . . as of" is vague and ambiguous and subject to varying interpretations. Local 52 further objects to RFA No. 7 because Local 52 does not have independent access to the records of the MPI Pension Plan. Any information regarding individuals' eligibility for vested status is obtained, if at all, through documentation provided by the individuals themselves (such as MPI Pension Plan paperwork or paystubs) or through limited data provided by the MPI Pension Plan in response to specific

requests.

Subject to its general and specific objections, Local 52 refers Plaintiffs to above-referenced Exhibit C, which appears to be an MPI Pension Plan record. Local 52 admits that Exhibit C states that "[a]s of 2022," Mr. Schneider was vested into the MPI Pension Plan.

**RFA NO. 9:**

Admit that Local 52 has yet to admit Gable Schneider into membership as of June 22, 2026.

**RESPONSE TO RFA NO. 9:**

Subject to and without waiving the foregoing objections, Local 52 states that Mr. Schneider's application for Local 52 membership through vesting has been accepted and that he is set to attend I.A.T.S.E. training on September 15, 2026. Thereafter, he will be invited to pay the initiation fee and is on track to be sworn into membership this autumn.

**RFA NO. 10:**

Admit that Gable Schneider was qualified to work as a technician in the Property/Set Dressing Department on Local 52 represented productions.

**RESPONSE TO RFA NO. 10:**

In addition to its general objections, Local 52 specifically objects to RFA No. 11 as vague and ambiguous in that the term "qualified" is vague, ambiguous, undefined and subject to varying interpretations. Local 52 further objects to RFA No. 11 as unbounded by time, and the admission asks that Local 52 evaluate Mr. Schneider's skills across multiple years.

Subject to and without waiving the foregoing objections, Local 52 states that, to the extent "qualified" means that Mr. Schneider passed certain Local 52 Property/Set Dressing Department Examinations, Local 52 denies that Mr. Schneider was qualified to work as a technician in the Property/Set Dressing Department on Local 52 represented productions. Mr. Schneider never successfully passed all components of a Local 52 Property Craft Department Exam. Local 52

further states that to the extent “qualified” means that Mr. Schneider is capable of handling general duties and obligations of property and set dressing laborers on Local 52 represented productions, Local 52 admits that he was able to perform these responsibilities but did not qualify for membership in the Local 52 Property Craft Department during the relevant time period under the AOD because he either did not successfully pass all required components of the Local 52 Property Craft Department Exam as required by the OAG or did not make himself available for examination.

**RFA NO. 11**:

Admit that Gable Schneider’s name appeared on a list of eligible Vested Stubmitted [sic] to the New York Attorney General’s office.

**RESPONSE TO RFA NO. 11**:

In addition to its general objections, Local 52 specifically objects to RFA No. 12 as vague, ambiguous, and undefined in that the contents of the purported list are difficult to ascertain.

Subject to and without waiving the foregoing objections, Local 52 admits that Gable Schneider’s name first appeared on the Phase II vested list submitted to the OAG in or around March 2026. Local 52 further states that since the AOD was first executed, individuals were admitted into Local 52 based on vested status under the MPI Pension Plan or the I.A.T.S.E. National Benefit Fund Pension Plan (“I.A.T.S.E. National Plan”) in two phases. In Phase I, the MPI Pension Plan provided Local 52 information about vested at the request of the OAG over a period of time. In consultation with and approval from the OAG, Local 52 sent invitations, dated April 26, 2024, to individuals on the MPI Pension Plan vested list and who were eligible for Local 52 membership. Those individuals were then responsible for following through with the steps outlined on the invitation for Local 52 membership. In Phase II, under the approval of the OAG, Local 52’s public website advised individuals who believe they are eligible for vested membership to Local 52 are responsible for contacting Local 52 and providing proof of their vested status

directly from their MPI or I.A.T.S.E. National Plan account with their application for Local 52 membership.

Albany, New York
Dated: August 24, 2026

/s Norma G. Meacham

Norma G. Meacham
Peter R. Bryce
Mackenzie E. Clark
WHITEMAN OSTERMAN & HANNA LLP
One Commerce Plaza, 19th Floor
Albany, NY
Telephone: (518) 487-7600

*Attorneys for Defendant the International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada, Local 52, Motion Picture Studio Mechanics*