UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER WILSON, RONALD BISHOP and GABLE SCHNEIDER, *on behalf of themselves and all others similarly situated,*<br>Plaintiffs,<br><br>-against-<br><br>INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES LOCAL 52, LOCAL 52 BENEFIT TRUST FUND,<br>Defendants. | Civil Action No.: 1:25-cv-2907 (OEM)(LKE) |

**PLAINTIFFS' FIRST SET OF CLASS INTERROGATORIES PURSUANT TO FED. R. CIV. P. 33**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Alexander Wilson, Ronald Bishop and Gable Schneider, through undersigned counsel, hereby request that Defendant IATSE Local 52 provide sworn responses to the following interrogatories within 30 days:

**Definitions**

A. **"Interrogatory" —** The singular includes the plural and vice versa.

B. **"And/Or" —** Conjunctive and disjunctive terms are both included.

C. **"Communication(s)" —** Any oral, written, electronic, or recorded transmission, including emails, texts, chats, messaging-platform messages, letters, notes, memoranda, calendars, logs, and attachments.

D. **"Document(s)" —** The broadest meaning under the Federal Rules, including all drafts, final versions, attachments, metadata, databases, spreadsheets, exports, source tables, and native files.

E. **“Identify” —** When referring to a person, state the full name, title, employer or affiliation, business address, email address, telephone number, and, if known, the person’s relationship to the subject matter.

F. **“Local 52” —** International Alliance of Theatrical Stage Employees Local 52, and all officers, directors, agents, employees, representatives, committees, administrators, consultants, affiliates, and persons acting on its behalf.

G. **“Named Plaintiffs” —** Ronald Bishop, Alexander Wilson, and Gable Schneider.

H. **“Membership Admission(s)” —** Any application, exam, score, pass/fail decision, waiver, invitation, offer, approval, denial, deferral, delay, retraction, or other action concerning admission to Local 52 membership.

I. **“Membership Status” —** Any classification used by Local 52, including member, cardholder, applicant, permit, non-member, walk-in, waive-in, or any equivalent status.

J. **“Vested Status” —** The status described in Article 7, Section 21 of the IATSE Constitution, and any Local 52 interpretation, application, practice, or implementation of that provision.

K. **“Benefits Plan(s)” —** The Motion Picture Industry Pension Plan and Individual Account Plan, the IATSE National Benefit Fund, the Local 52 Benefit Trust Fund, and any related plan document, amendment, summary plan description, schedule, contribution rule, or eligibility rule.

L. **“Walk-In” or “Waive-In”—-** Refers to Local 52 members admitted outside of the Membership Admission process, i.e. without examination and certifications

M. **“Work Referral(s)” —** Any referral, dispatch, assignment, bump, replacement, hiring recommendation, clearance, or approval for work on productions represented by Local 52.

N. **“Bumping”—-** Refers to Local 52’s practice of replacing working applicants or permits with a Local 52 member upon that member’s demand for work.

O. **“Class Period”** — Class Period is from May 27, 2019 to May 27, 2025

P. **“Flip” or “Flipped”** Refers to Local 52’s practice of “organizing” non-unionized productions through threats of work stoppages.

Q. **“The List” —-** The list of non-union members eligible for vested status membership pursuant to Article 7, Section 21 of the IATSE Constitution submitted to the New York Attorney General’s Office in March 2022.

R. **“Related To” —** Directly or indirectly relating to, referring to, reflecting, evidencing, concerning, constituting, supporting, discussing, describing, memorializing, implementing, or resulting from.

## Instructions

I. Unless otherwise noted, these Interrogatories relate to the time period from May 27, 2019 to May 27, 2026.

II. Answer each Interrogatory separately and fully in writing under oath. If any response incorporates or relies on another response, identify that response with particularity.

III. For each Interrogatory, identify all persons with knowledge, all Documents relied upon, and the specific facts supporting the response. If the information is not presently known, state what investigation was made and what additional information is needed.

IV. If any answer is based on estimates, computations, summaries, or database queries, state the method used and identify the source data, query logic, and custodian(s).

V. If you assert privilege or work-product protection as to any responsive information, state the basis for the assertion without revealing privileged content and identify any non-privileged facts withheld.

VI. These Interrogatories seek non-privileged facts bearing on liability, damages, class certification, numerosity, commonality, typicality, adequacy, and predominance. They are not intended to seek counsel’s legal advice or trial strategy.

## Interrogatories

1. Identify the date that Local 52 ratified or adopted the IATSE Constitution adopted in July 2017.
2. Identify all permits and applicants who achieved Vested Status under Article 7, Section 21 of the IATSE Constitution as of June 2019, but were not immediately admitted to Local 52 membership during the Class Period.
3. State the total number of putative class members, as presently known to Local 52, and describe the method used to calculate that number.
4. Identify each and every individual who participated in the compiling of data and drafting, the data source and custodians of the List of non-members eligible for Local 52 membership under Article 7, Section 21 of the IATSE Constitution submitted to the New York Attorney General's Office on or around March 23, 2022.
5. Identify the contents of each version of the List, including the data fields used, the dates of compilation, any revisions, and the reasons for any revision.
6. State how Local 52 determines whether a permit or applicant has achieved Vested Status and should be admitted under Article 7, Section 21 of the IATSE Constitution.
7. Identify all databases, spreadsheets, rosters, reports, or other records that identify permits and applicants, their work hours, their contribution histories, their vesting status, and their membership status.
8. State the criteria for membership admissions for each craft or department represented by Local 52, including exams, scoring, pass/fail criteria, retest opportunities, appeals, and any waiver or exception process.
9. State any Local 52 practice of admitting individuals without examination, certification, or the ordinary admissions process, including walk-ins, waive-ins, flips, emergency admissions, and any equivalent category.

10. State any Local 52 policy, practice, or unwritten rule that gave priority to members over applicants or permits in work referrals, hiring, bumping, scheduling, or access to supervisory roles.
11. Identify any Local 52 rule requiring the exhaustion of members before non-members may be hired or referred for work.
12. Identify all persons with knowledge of any do not hire, no work, blacklist, exclusion, bumping, referral restriction, or similar practice affecting applicants or permits during the Class Period.
13. Identify any communications, notices, invitations, retractions, deferrals, or omissions sent to or concerning persons who achieved Vested Status during the Class Period.
14. Identify all persons who were invited to membership, admitted to membership, or not admitted to membership in the April 26, 2024 membership cycle, and state the criteria used to differentiate among them.
15. Identify all investigations, Assurance of Discontinuance, Addendum, monitoring obligation, reporting obligation, or compliance obligation arising from the New York Attorney General's investigation of Local 52's admissions practices.
16. Identify any and all complaints, charges, grievances, arbitrations, lawsuits, settlements, government investigations, or agency inquiries relating to admissions practices, membership access, work referral practices, vesting, or preferential treatment of members.
17. Identify all policies and procedures concerning how work hours, production hours, qualified years, and contributions are recorded, aggregated, and used to determine vesting and benefits eligibility.
18. Identify all documents or communications that reflect differences, if any, in work opportunities, referrals, hours, wages, benefits, or advancement between members and non-members, applicants and permits, or persons who achieved Vested Status and persons who did not.

19. State whether Local 52 segregated into separate accounts the withholding of 2.5% of wages, deductions, assessments, or other payments from applicants, permits, or non-members, and identify the destination and purpose of those funds.
20. Identify all documents concerning the Local 52 Benefit Trust Fund, the IATSE National Benefit Fund, and the Motion Picture Industry Pension Plan, including how membership status affects access to each plan.
21. Identify all documents or communications concerning any analysis, report, or data set comparing the frequency of work for members versus applicants or permits, or comparing the treatment of those groups in referrals or hiring.
22. State all facts concerning any training, instructions, guidance, or communications relating to hiring managers, department heads, gaffers, or other persons with hiring authority regarding referral priority, bumping, or exclusion of applicants or permits.
23. State all facts concerning any retention, preservation, deletion, alteration, or destruction of records responsive to these Interrogatories, including litigation holds and records-retention policies.
24. State all facts supporting any contention that the Putative Class Members cannot be identified from Local 52's records or that class notice cannot be effectuated from those records.
25. State all facts supporting any contention that the Named Plaintiffs are not typical of the Putative Class or are not adequate representatives of the Putative Class.

Dated: New York, New York
June 22, 2026

CHARLES LAW, P.C.

/s/ Fred V. Charles
244 Fifth Ave., Suite 2717

New York, NY 10001
Tel.; (646) 494-2662
Email: fcharles@charleslawpc.com

To:

Counsel of record for Defendant